UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUTHER AMOS,<br><br>                Plaintiff,<br><br>        v.<br><br>NATALY ZAMORA, et al.,<br><br>                Defendants. | No.  2:26-cv-01155-DC-SCR<br><br><br>ORDER |

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff has filed a motion for leave to proceed in forma pauperis ("IFP") and has submitted a declaration listing his income and expenses and averring an inability to pay the costs of this proceeding.  The motion to proceed IFP (ECF No. 2) will therefore be granted.  However, for the reasons provided below, the Court finds Plaintiff's complaint is legally deficient and will grant Plaintiff leave to file an amended complaint.

I.  SCREENING

A.    Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

1

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure.  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  *Erickson*, 551 U.S. at 94.  However, the court need not accept as true legal conclusions, even if cast as factual allegations.  *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

B.    The Complaint

Plaintiff's complaint names nine Defendants, including eight individuals and one company, Taxace Group, Inc. ECF No. 1 at 3-6. Plaintiff states the basis for federal jurisdiction is racketeering, wire fraud, extortion, and embezzlement. *Id.* at 7. Plaintiff alleges some of the Defendants "took and extorted money" from him and also committed fraudulent transfers. *Id.* at 8. Plaintiff contends that "all of this happened" on July 11th and 12th, 2022. *Id*. at 9. Plaintiff states he is seeking $175,000 in damages. *Id.* at 10.

C.    Analysis

Plaintiff's complaint does not comply with Rule 8(a)(2) in that it does not present a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" It appears that Plaintiff asserts federal jurisdiction based on federal statute. Although Plaintiff does not cite to the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1961, et seq., when asked to provide a basis for federal jurisdiction, he states "racketeering, wire fraud, extortion." ECF No. 1 at 7. If Plaintiff is attempting to state a claim under RICO, the complaint fails to state a claim. "To state a claim under § 1962(c), a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir. 2007). "Racketeering activity is an act indictable under several provisions of Title 18 of the United States Code, and includes the predicate acts of mail fraud, wire fraud, and obstruction of justice." *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004). A "pattern" requires at least two acts of racketeering activity within ten years of one another. *Id.*, citing 18 U.S.C. § 1961(5). A plaintiff must also allege that the predicates are related and "that they

3

amount to or pose a threat of continued criminal activity." *Id.* Plaintiff's allegations are largely conclusory and fail to state a claim under RICO.

Plaintiff's complaint does not contain clearly delineated claims or causes of action. However, the complaint makes several references to fraud and fraudulent conduct. Claims of fraud must be pled with particularity pursuant to Federal Rule of Civil Procedure 9(b). Rule 9(b)'s particularity requirement applies to state law causes of action. *See Vess v. Ciba-Geigy Corp.*, 307 F.3d 1097, 1103 (9th Cir. 2003). Even where fraud is not a necessary element of a claim, if the claim is "grounded in fraud" or "sound[s] in fraud," the "pleading of the claim as a whole must satisfy the particularity requirement of Rule 9(b)." *Id.* at 1103-04. Plaintiff's pleading of fraud is largely conclusory. In order to meet the heightened pleading standard, "a party must state the particularity of the circumstances constituting fraud," meaning that the "pleading must identify the who, what, when, where, and how of the misconduct charged." *United States ex rel. Cafasso v. Gen. Dynamics*, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal citations and quotation omitted). Plaintiff's complaint fails to meet this standard.

A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Under 28 U.S.C. § 1915(e), the Court "shall dismiss the case at any time" if it fails to state a claim on which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. However, Plaintiff is proceeding pro se and a pro se litigant should be given leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Plaintiff has not alleged sufficient factual content to state a claim. However, given the vagueness of the factual allegations, rather than recommending dismissal of the action, the undersigned will provide Plaintiff an opportunity to

4

amend the complaint to allege facts supporting a cognizable cause of action.

## II.  AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, it must contain a short and plain statement of Plaintiff's claims.  The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible.  Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way.

The amended complaint must not force the Court or the Defendants to guess at what is being alleged against whom.  *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  The amended complaint should contain specific allegations as to the actions of each named defendant rather than making conclusory allegations that the defendants acted collectively.  Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete.  An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff's amended complaint must address the issues set forth herein.  The amended complaint should contain clearly delineated claims or causes of action.  Plaintiff must allege enough factual content in support of his claims to state a claim to relief that is plausible on its face.

////

////

## III.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

2.  Plaintiff **shall have 30 days from the date of this order** to file an amended complaint that addresses the defects set forth above.  If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

3.  Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: May 7, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE