UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUTHER AMOS,<br>Plaintiff,<br>v.<br>NATALY ZAMORA, et al.,<br>Defendants. | No. 2:26-cv-01155-DC-SCR<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff is proceeding pro se and accordingly this matter is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Before the Court is Plaintiff's First Amended Complaint ("FAC") (ECF No. 4). The Court has screened the FAC pursuant to 28 U.S.C. § 1915(e) and recommends the action be dismissed without leave to amend for failure to state a claim and failure to comply with Federal Rule of Civil Procedure 8.

**I. Background and Procedural History**

Plaintiff filed this action on March 27, 2026, and made allegations of extortion and fraud. ECF No. 1 at 7-8. The Court granted Plaintiff's motion to proceed in forma pauperis and screened the complaint pursuant to 28 U.S.C. § 1915(e)(2). ECF No. 3. The Court found the complaint failed to state a claim and failed to comply with Federal Rule of Civil Procedure 8. ECF No. 3 at 3-4. The Court pointed out that Plaintiff's complaint contained no clearly

delineated claims or causes of action, but to the extent Plaintiff was alleging fraud he must plead the claims with particularity and comply with Federal Rule of Civil Procedure 9(b). *Id.* at 4.

The Court granted leave to amend and told Plaintiff that if he chose to amend, he must address the issues set forth in the screening order. *Id.* at 5. Plaintiff filed a first amended complaint (FAC), which is now before the Court for screening pursuant to 28 U.S.C. § 1915(e).

**II. Analysis**

Plaintiff's FAC does not cure the deficiencies set forth in the prior screening order. Plaintiff was informed the "allegations of the complaint must be set forth in sequentially numbered paragraphs." ECF No. 3 at 5. Plaintiff was directed that an amended complaint must contain specific allegations as to the actions of each defendant rather than making conclusory allegations that the defendants acted collectively. *Id.* Plaintiff was also instructed that the "amended complaint should contain clearly delineated claims or causes of action." *Id.*

The first five pages of Plaintiff's FAC are a form complaint. However, that is then followed by eleven pages of handwritten factual allegations. These are difficult to read and are not in numbered paragraphs. There are no clearly delineated claims or causes of action set forth in the FAC. Also attached to the FAC are nearly twenty pages of exhibits, the relevance of which is unclear. Plaintiff's FAC fails to comply with Rule 8 as it does not contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

Plaintiff's complaint also does not assert a clear basis for federal jurisdiction. In the jurisdictional section, Plaintiff merely includes a string citation to approximately ten different federal criminal statutes. *See Koloma v. Members of the County of Orange*, No. 23-cv-90-JLS, 2023 WL 12263719 at *2 (S.D. Cal. May 10, 2023) ("The cited code sections are federal criminal statutes, however, and do not provide a basis for civil liability or this Court's subject matter jurisdiction."); *Crockett v. City of Torrance*, No. CV 10-5857-DOC(SP), 2012 WL 13005662 at *5 (C.D. Cal. Feb. 6, 2012) ("Other courts similarly have found that there is generally no private right of action for enforcement of federal criminal statutes, particularly those under Title 18."). It is also not clear that there would be diversity of citizenship jurisdiction, because citizenship of the parties is not clearly pled and the address for all parties is listed as being in California.

Plaintiff's factual allegations begin in December 2020. ECF No. 4 at 5. The FAC discusses events allegedly occurring in 2021 and 2022. *Id.* at 6-12. The FAC also contains allegations about an incident on July 12, 2022, where Plaintiff went to the office of Defendant Zamora to allegedly get his money back and police were called. Plaintiff submits exhibits concerning this date. ECF No. 4 at 26, 29. All of these dates are more than three years prior to the filing of the complaint. Plaintiff has not clearly identified what causes of action he is attempting to assert, but the claims may be time-barred. Claims for fraud in California are subject to a three-year statute of limitations. Cal. Civ. Proc. Code § 338(d). Claims for injury due to the "wrongful act or neglect of another" are subject to a two-year statute of limitations under Cal. Civ. Proc. Code § 335.1.

The Court finds the FAC fails to assert a basis for jurisdiction, fails to comply with Rule 8, and fails to state a claim.

**III. Leave to Amend**

The Court has considered Plaintiff's pro se status and whether he should be granted leave to amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."). The Court has already allowed Plaintiff an opportunity to amend and Plaintiff has not complied with the Court's prior order. The Court concludes that Plaintiff is either unwilling or unable to amend the complaint to comply with the Court's prior order and thus further leave to amend would be futile. The Court recommends denying further leave to amend. *See Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("when a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad").

**IV. Conclusion**

**IT IS HEREBY RECOMMENDED that**:

**1.** Plaintiff's First Amended Complaint and this action be dismissed without further leave to amend; and

**2.** The Clerk be directed to enter Judgment and close this file.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned “Objections to Magistrate Judge's Findings and Recommendations.” The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court’s order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 2, 2026



SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE